UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER WAYNE ROBERTSON,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MARIPOSA COUNTY,<br><br>　　　　Defendant. | 1:13-cv-01304-GSA-PC<br><br>ORDER STRIKING PLAINTIFF'S EXHIBITS FROM THE RECORD<br>(Doc. 8.) |

**I.　BACKGROUND**

　　Roger Wayne Robertson ("Plaintiff") is a state prisoner proceeding pro se in this civil action.  This case was opened on August 14, 2013 using a letter submitted to the court.  (Doc. 1.)  On August 21, 2013, the court issued an order striking Plaintiff's letter and requiring him to file either a civil rights complaint or a petition for writ of habeas corpus within thirty days.  (Doc. 5.)  Thus, there is presently no complaint or petition on file in this action.

　　On August 21, 2013, Plaintiff submitted documents for filing which appear to be exhibits to the complaint or petition, or exhibits to be retained for trial.  (Doc. 8.)

**II.　LOCAL RULE 220 – AMENDED PLEADINGS**

　　Local Rule 220 provides, in part:

> Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading.

To the extent that Plaintiff seeks to add exhibits to the complaint or petition, under Rule 220, Plaintiff may not amend the complaint or petition by adding information piecemeal. To add information or correct an error in the complaint or petition, Plaintiff must file a new amended complaint or petition which is complete within itself. Moreover, there is presently no complaint or petition on file in this case to which exhibits can be added. Therefore, to the extent Plaintiff seeks to add exhibits to the complaint or petition, the exhibits submitted on August 21, 2013 shall be stricken from the record.

### III.  TRIAL EXHIBITS

To the extent Plaintiff has submitted exhibits to be retained by the court until trial, the court shall not act as a repository for the parties' evidence. The parties may not file evidence with the court until the course of litigation brings the evidence into question. At this stage of the proceedings, there is no pending matter for which evidence should be submitted. Therefore, to the extent that Plaintiff has submitted trial exhibits to the court, the exhibits submitted on August 21, 2013 shall be stricken from the record.

### IV.  CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's exhibits, submitted to the court on August 21, 2013, are STRICKEN from the record.

IT IS SO ORDERED.

Dated:   **August 28, 2013**                              **/s/ Gary S. Austin**
                                                                            UNITED STATES MAGISTRATE JUDGE