UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER WAYNE ROBERTSON,<br><br>            Plaintiff,<br><br>     vs.<br><br>MARIPOSA COUNTY,<br><br>            Defendant. | 1:13-cv-01304-GSA-PC<br><br>ORDER DISMISSING THIS ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983, WITH LEAVE TO FILE A HABEAS PETITION<br><br>ORDER THAT THIS DISMISSAL IS SUBJECT TO THE "THREE-STRIKES" PROVISION SET FORTH IN 28 U.S.C. § 1915(g)<br><br>ORDER FOR CLERK TO CLOSE CASE |

## I.    BACKGROUND

Roger Wayne Robertson ("Plaintiff") is a state prisoner proceeding pro se in this civil action.  On August 14, 2013, Plaintiff sent a letter to the Sacramento Division of the United States District Court for the Eastern District of California, requesting assistance.  The Clerk's Office construed Plaintiff's letter as a complaint and opened the instant case as a civil rights action pursuant to 42 U.S.C. § 1983.  On August 19, 2013, the case was transferred to the Fresno Division of United States District Court for the Eastern District of California.

On August 21, 2013, Plaintiff consented to the jurisdiction of a Magistrate Judge in this action, and no other parties have made an appearance.  (Doc. 7.)  Therefore, pursuant to

1  Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall
2  conduct any and all proceedings in the case until such time as reassignment to a District Judge
3  is required.  Local Rule Appendix A(k)(3).
4        On August 21, 2013, the court entered an order striking Plaintiff's letter of August 14,
5  2013 and requiring Plaintiff to file either a § 1983 civil rights complaint or a habeas corpus
6  petition.  (Doc. 5.)  On August 30, 2013, Plaintiff filed an Amended Complaint pursuant to §
7  1983, which is now before the court for screening.  (Doc. 11.)

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

## III. SUMMARY OF AMENDED COMPLAINT

Plaintiff is presently incarcerated at the Sierra Conservation Center in Jamestown, California.  Plaintiff's amended complaint is a three-page form complaint of few words.

Plaintiff names one defendant, Mariposa County, and his statement of claim, in its entirety, states, "All of the court documents I sent prove this a miss-trial (*sic*). (Doc. 11 at 3 ¶IV.) Plaintiff requests as relief, "Look for a retrial or dismiss of all charges." (Id. ¶V.)

## IV.     HABEAS CORPUS

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). "[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005).

In the Amended Complaint, Plaintiff clearly challenges his conviction and sentence. He seeks as relief a retrial or dismissal of all charges. Success in this action would necessarily demonstrate the invalidity of confinement or its duration. Therefore, Plaintiff's sole federal remedy is a writ of habeas corpus, and the Court shall dismiss this § 1983 action for failure to state a claim, with leave to file a petition for writ of habeas corpus.

## V.     CONCLUSION AND ORDER

For the reasons set forth above, the court finds that Plaintiff fails to state any cognizable claims in the Amended Complaint upon which relief may be granted under § 1983. The court also finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). However, Plaintiff shall be granted leave to file a petition for writ of habeas corpus, if he so wishes.

///

///

///

Based on the foregoing, it is HEREBY ORDERED that:

1. This action is DISMISSED in its entirety for failure to state a claim upon which relief may be granted under § 1983, with leave to file a petition for writ of habeas corpus;

2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). <u>Silva v. Vittorio</u>, 658 F.3d 1090, 1098 (9th Cir. 2011);

3. If Plaintiff chooses to file a petition for writ of habeas corpus, it will be a new case, and Plaintiff should not refer back to this § 1983 case or case number. The Clerk will assign a new case number for the petition for writ of habeas corpus; and

4. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **September 15, 2013**                              **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE